1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRYAN KANU )
)                    **Case No. 1:18-cv-37**
Plaintiff )
)
-vs- )                    **Honorable  J. Black**
)                    **Honorable M.J. Bowman**
SIEMENS PLM, et al., )
)
Defendants )
)                    **OBJECTION TO MAGISTRATES**
)                    **REPORT AND RECOMMENDATION**
)

---

## I.    Objection

**(1)**      Pursuant to Fed. R. Civ. P 72(b), the plaintiff, Bryan Kanu, objects to the findings

of Magistrate Judge Bowman in case 1:18-cv-37. As required, the specific sections of the

Report and Recommendation that the plaintiff objects to are:

1.  Magistrates recommendation to REVOKE the plaintiff's conditionally granted

    status as *in forma pauperis* based upon a lack of indigency, Magistrates

    recommendation that the plaintiff be denied leave to appeal *in forma pauperis* and

    recommendation that the plaintiff be ordered to pay $400 filing fee in order to

    proceed with the complaint.

2.  Magistrates recommendation to dismiss complaint 1:18-cv-37 *sua sponte* with

    prejudice for failure to state any claim under either Apple v Glenn or 28 U.S.C. §

    1915(e).

**(2)** The magistrate has stated in the report and recommendation that in a negligence claim that the Plaintiff has **"failed to state a claim against any Defendant"**. Plaintiff **rebuts** this claim by M.J. Stephanie K. Bowman based on the amended complaints 3 claims listed in clear, precise language that are easily distinguishable. The three statements of claim are:

> **Claim 1:** Siemens PLM Software discriminated against the plaintiff in their hiring processes because of a combination of the the plaintiff's race and nation of origin, injuring the plaintiff, violating SEC. 2000e-2. *[Section 703] (a)(1),* SEC. 2000e-2. *[Section 703] (a)(2),* SEC. 2000e-1. *[Section 702](c)(1) and SEC. 2000e-1. [Section 702](d)* of Title VII of the Civil Rights Act.
>
> **Claim 2:** Cincinnati Children's Hospital Medical Center violated SEC. 2000e-2. *[Section 703](A)(1)* and Sec. 2000e-1.[Section 702](d) of Title VII of the Civil Rights Act, injuring the plaintiff.
>
> **Claim 3:** The University of Cincinnati is found to have violated Sec. 2000e-1.[Section 702](d) of Title VII of the Civil Rights Act by discriminating against the plaintiff based on the combination of his race and national origin in his request for admission to the International Co-Op Program (ICP), and SEC. 2000e-2. *[Section 703](A)(1)* and Sec. 2000e-1.[Section 702](d) of Title VII of the Civil Rights Act, injuring the plaintiff.

Plaintiff states that he has since amended his complaint again, so as to not make such "conclusory" arguments, and states that the claims as written now are as follows:

> **Claim 1:** From June-October of 2016, Siemens PLM Software
> unlawfully practiced employment discrimination against the
> plaintiff in their hiring processes when they unlawfully denied the
> plaintiff employment based on the plaintiff's race
> (African-American) and nation of origin (United States), in
> violation of SEC. 2000e-2. *[Section 703] (a)(1),* SEC. 2000e-2.
> *[Section 703] (a)(2), SEC. 2000e-1. [Section 702](c)(1) and SEC.*
> *2000e-1. [Section 702](d)* of Title VII of the Civil Rights Act,
> injuring the plaintiff.

> **Claim 2:** On or around December 14th, 2016 and on or around
> December 19th 2016, Cincinnati Children's Hospital Medical
> Center, in their hiring practices, unlawfully violated SEC. 2000e-2.
> *[Section 703](A)(1)* and Sec. 2000e-1.[Section 702](d) of Title VII
> of the Civil Rights Act, when they unlawfully practiced
> discrimination by using race as a determining factor to determine
> the compensation for the plaintiff, injuring the plaintiff.

> **Claim 3:**  The University of Cincinnati violated Sec.
> 2000e-1.[Section 702](d) of Title VII of the Civil Rights Act by
> discriminating against the plaintiff based on the combination of his

race African American) and national origin (United States) when they denied him admission to the International Co-Op Program (ICP) on June 21, 2016, by and through Gayle Elliott and Chris Cooper and SEC. 2000e-2. *[Section 703](A)(1)* and Sec. 2000e-1.[Section 702](d) of Title VII of the Civil Rights Act, injuring the plaintiff and unlawfully violating the Civil Rights Act. The University of Cincinnati also unlawfully used the Plaintiff's race and nation of origin to determine his compensation when they offered employment to the Plaintiff on or around December 14th 2016 and on or around December 19th, 2016.

**(3)** Plaintiff states that M.J. S.K. Bowman has not stated any clear violations of Rule 8 Fed. Civ. P. that are the reason the amended complaint fails to comply with Rule 8, and therefore respectfully asks the court to **reject** her recommendation to dismiss with prejudice based on the newly amended and re-filed complaint that was filed on February 12, 2018, which is further in compliance with Rule 8, and also includes numbered paragraphs.

**(4)** Plaintiff states that M.J. S.K. Bowman has recommended dismissal with prejudice for failure to state a claim under Title VII or any other federal law, but has failed to recognize that the Plaintiff has stated in the 3 claims the sections to Title VII he is specifically claiming relief under. On top of this, the Plaintiff states that it was M.J. S.K. Bowman who ordered the Plaintiff to amend the original complaint that was more than 250 pages to a complaint that was less than 20 pages. Plaintiff argues that given the

circumstances and time frame of the legal grievance to which he is seeking relief, having

to submit an amended complaint that was less than 20 pages was the very reason the

amended complaint may have fallen short of the the expectation, but that the very fact

that the Plaintiff re-filed the document and has since made more changes should be taken

into account. The Plaintiff, therefore, asks the court not to penalize him for promptly

responding to the order of the Magistrate, and amending his complaint and refiling one

that was in compliance with Rule 8 of Fed. R. Civ. P, as well as accept the re-filed,

amended complaint from 2-12-18 as sufficient, and in compliance with Rule 8.

**(5)** Rule 8 Fed. R. Civ. P. (a) reads states **"a pleading that states a claim for relief
must contain (1) a short and plain statement of the grounds for the court's
jurisdiction, unless the court already has jurisdiction and the claim needs no new
jurisdictional support; (2) a short and plain statement of the claim showing that the
pleader is entitled to relief; and (3) a demand for the relief sought, which may
include relief in the alternative or different types of relief."** Plaintiff states that M.J.

S.K. Bowman's recommendation to dismiss the complaint with prejudice based on the

Plaintiff's failure to comply with rule 8 can't be based on rule 8(a), because the plaintiff

asserts that his claims -- even from the second amended complaint -- do have all 3

elements as required by rule 8, to his understanding of those requirements as outlined in

the rule. Further, the Plaintiff states that he has further amended his complaint, and that

dismissing his complaint with prejudice would be holding him to the same standard as

that of a licensed attorney, when in fact his complaint should be read liberally and --

granted there appears to be a case to be made -- the Plaintiff should be granted leave to

amend the complaint and refile. M.J. S.K. Bowman states that the Plaintiff has already been granted one chance to amend the complaint, and has acknowledged that the amended complaint submitted on 2-5-18 is much closer to being in compliance with Rule 8. That being said, the Plaintiff objects to the recommendation to dismiss the complaint with prejudice because it would result in the miscarriage of justice, and the Plaintiff feels he should be given the opportunity to re-file another amended complaint and have it accepted by the court without being penalized for doing his best to cut down his initial complaint of 283 pages down to less than 20 within the timeframe required to keep his conditional grant of *in forma pauperis*. Plaintiff states that because he is a full-time student, he only had one day to work on his amendment, and that the reason he may have forgotten to number the paragraphs is because it took such an effort to summarize his complaint in less than 20 pages when he has so many transcripts of emails that he plans to use as evidence to support his claims that he has been injured.

**(6)**    Plaintiff objects to M.J. S.K. Bowman's recommendation to revoke the Plaintiff's conditional status as *in forma pauperis* based on the fact that the Plaintiff is scheduled to register for summer classes February 26th, 2018, and that he could take anywhere from 6-9 credit hours this summer semester which would be credited toward his Masters in Engineering degree. Plaintiff states that based on current fees assessed to the Plaintiff for the current semester, 9 credit hours at the University of Cincinnati costs approximately $6,004.00. Plaintiff states that the money he currently has in savings -- because it was taken out specifically to pay for his education -- should not be used to deny the Plaintiff the right to file his claim *in forma pauperis*. Plaintiff states that if he were to take 9 hours

(3 courses) during the summer, and 3 courses in the fall of 2018, he would have a negative savings balance of (provided he did not take out any more student loans) approximately $4,000, and that this $4,000 negative balance doesn't include the monthly apartment rent and weekly grocery expenses he has.

**(7)**    Plaintiff states that the M.J. S.K Bowman contradicts herself when she says in her conclusion and recommendation paragraph that the Plaintiff "fails to state a claim under Title VII or any other federal law" and then writes in another, on page 10, that the "prov[ing] that 'The University of Cincinnati, by and through Gayle Elliott and Chris Cooper, practices unlawful employment practices in violation of Title VII". Plaintiff asks that the court reject the recommendation based on the fact that the Magistrate did not specifically address the sections of title VII that the plaintiff claims were violated in the actual claim. Plaintiff reminds the court that the Honorable M.J. S.K. Bowman cited rule 8 as the reason to dismiss the complaint, with prejudice, on the grounds that the complaint was fatally deficient. Plaintiff states that because he is Pro Se, the complaint must be interpreted as raising the strongest arguments it suggests.

### Memorandum

**(8)**    Because plaintiff is pro se, [the] complaint must be read liberally and interpreted as  raising the strongest arguments it suggests. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). If a liberal reading of the complaint "**gives any indication that a valid claim might be stated,**" **the Court should grant leave to amend**. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citing Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.

1999)). Plaintiff states that M.J. S.K.Bowman has given the indication that a valid claim might be stated, and therefore the Plaintiff respectfully demands that the court **reject** her recommendation to dismiss the complaint with prejudice, and **alternatively, accept the Plaintiff's newly amended complaints that have been filed on 2-12-18.**

**(9)**       (c) Control of corporation incorporated in foreign country;

(1) **If an employer controls a corporation whose place of incorporation is a foreign country, any practice prohibited by section 2000e-2 or 2000e-3 of this title** *[section 703 or 704]* **engaged in by such corporation shall be presumed to be engaged in by such employer. (d) Training Programs:;** <u>**It shall be an unlawful employment practice for any employer,**</u> labor organization, or joint labor-management committee **controlling** apprenticeship or other training or retraining, **including on-the-job training programs to discriminate against any individual because of** his race, color, religion, sex, or <u>**national origin in admission to,**</u> or <u>**employment in, any program established to provide**</u> apprenticeship or <u>**other training.**</u> SEC. 2000e-1. [Section 702] of Title VII of the Civil Rights Act.

**(10)**

O.R.C. 4112.02 Unlawful discriminatory practices: It shall be an unlawful discriminatory practice:(A) For any employer, because of the race, color, religion, sex, military status, national origin,

disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

(B) For an employment agency or personnel placement service, because of race, color, religion, sex, military status, national origin, disability, age, or ancestry, to do any of the following:

(1) Refuse or fail to accept, register, classify properly, or refer for employment, or otherwise discriminate against any person; (2) Comply with a request from an employer for referral of applicants for employment if the request directly or indirectly indicates that the employer fails to comply with the provisions of sections 4112.01 to 4112.07 of the Revised Code.

**(11)**

(D) For any employer, labor organization, or joint labor-management committee controlling apprentice training programs to discriminate against any person because of race, color, religion, sex, military status, national origin, disability, or ancestry in admission to, or employment in, any program established to provide apprentice training.

**(12)**

(E) Except where based on a bona fide occupational qualification certified in advance by the commission, for any employer, employment agency, personnel placement service, or labor organization, prior to employment or admission to membership, to do any of the following: (1) Elicit or attempt to elicit any information concerning the race, color, religion, sex, military status, national origin, disability, age, or ancestry of an applicant for employment or membership;

(2) Make or keep a record of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any applicant for employment or membership;

(3) Use any form of application for employment, or personnel or membership blank, seeking to elicit information regarding race, color, religion, sex, military status, national origin, disability, age, or ancestry; but an employer holding a contract containing a nondiscrimination clause with the government of the United States, or any department or agency of that government, may require an employee or applicant for employment to furnish documentary proof of United States citizenship and may retain that proof in the employer's personnel records and may use photographic or fingerprint identification for security purposes;

(4) Print or publish or cause to be printed or published any notice or advertisement relating to employment or membership indicating any preference, limitation, specification, or discrimination, based upon race, color, religion, sex, military status, national origin, disability, age, or ancestry;

(5) Announce or <u>follow a policy of denying or limiting, through a quota system or otherwise, employment</u> or membership <u>opportunities of any group because of the race,</u> color, religion, sex, military status<u>, national origin,</u> disability, <u>age, or ancestry of that group;</u>

**(6)** Utilize in the recruitment **or hiring of persons any employment** agency, personnel placement service, **training school or center, labor organization, or any other employee-referring source <u>known to discriminate against persons because of their race, color, religion, sex, military status, national origin, disability, age, or ancestry.</u>**

**(F)** For any person seeking employment to publish or cause to be published any advertisement that specifies or in any manner indicates that person's race, color, religion, sex, military status, national origin, disability, age, or ancestry, or expresses a limitation or preference as to the race, color, religion, sex, military

status, national origin, disability, age, or ancestry of any
prospective employer.

> **(2) Represent to any person that housing
> accommodations are not available for** inspection,
> sale**, or rental, when in fact they are available,
> because of race,** color, religion, sex, military status,
> **familial status, ancestry,** disability**, or national
> origin;**

**(13)**     Plaintiff states that it's plausible Siemens PLM Software has violated O.R.C.
4112, as have Cincinnati Children's Hospital Medical Center, and the University of
Cincinnati. While this is a state Revised Code, the Plaintiff states that is is very similar to
what exists in Title VII of the Civil Rights Act, which the Plaintiff asks to be given a
chance to have his complaint heard based on the fact that the complaints have raised
actual laws that may have been violated. Plaintiff states the Supreme Court has held that:

**(14)**     It shall be an unlawful employment practice for an employer -

> (1) **to fail or refuse to hire** or to discharge any individual, or
> **otherwise to discriminate against any individual with respect to
> his compensation, terms, conditions, or privileges of
> employment,** because of such individual's race, color, religion,
> sex, **or national origin**; or
> (2) **to limit, segregate, or classify his employees or applicants
> for employment in any way which would deprive or tend to**

> **deprive any individual of employment opportunities or**
>
> **otherwise adversely affect his status as an employee, because of**
>
> such individual's race, color, religion, sex, or **national origin**.

**(15)**    Section 703(A)(1) of Title VII of the Civil Rights Act states:

> **(a) Employer practices**
>
> **It shall be an unlawful employment practice for an employer -**
>
> (1) to fail or refuse to hire or to discharge any individual, **or**
>
> **otherwise to discriminate against any individual with respect to**
>
> **his compensation, terms, conditions, or privileges of**
>
> **employment, because of such individual's race, color, religion,**
>
> **sex, or national origin;**

### III. Conclusion

**(16)**    For the reasons discussed herein, the Plaintiff respectfully **objects** to the
Magistrates findings, and asks the court to **reject** the recommendation to dismiss the
complaint with prejudice and **reject** the recommendation to revoke the conditional
granting of *in forma pauperis*. In the alternative, Plaintiff asks the court to either (1.1)
**reject** the recommendation to dismiss the complaint with prejudice (1.2) make **specific**
recommendations for the amended complaint submitted 2-5-18 in regards to compliance
with Rule 8 Fed. Civ. P; (1.3) grant leave to the Plaintiff to amend and refile the
complaint in a timely manner based on the fact that the Plaintiff is Pro Se, and the
complaint must be read liberally; (1.4) **extend** the time to file an amended complaint; **OR**
(2.1) allow Plaintiff to pay the $400 filing fee and (2.2) **reject** the recommendation to

dismiss with prejudice (2.3) allow the plaintiff to draft and refile a further amended complaint based upon **specific recommendations** of the court; **OR** (3.1) **reject** the recommendation to dismiss with prejudice; (3.2) **reject** the amended complaint filed on 2-5-18 **without prejudice**; (3.3) grant leave to the Plaintiff to re-file/ his amendment in a timely manner **based on specific recommendations from the court**; **OR** (3.4) **accept the newly amended and timely filed complaint from 2-12-18, allowing the replacement of the amended complaint filed on 2-5-18 with the one filed 2-12-18**.

Respectfully submitted, under penalty of perjury. Executed on this <u>12th</u> day, of February, 2018.

s/ Bryan Kanu
2663 Wendee Dr. Apt. 1919
Cincinnati, Ohio 45238
bryan.kanu18@gmail.com
