# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 09, 2018

Mr. Bryan Kanu
2663 Wendee Drive
Apartment 1919
Cincinnati, OH 45238

      Re: Case No. 18-3742, *Bryan Kanu v. Siemens PLM Software, et al*
         Originating Case No. : 1:18-cv-00037

Dear Mr. Kanu:

 The Court issued the enclosed Order today in this case.

              Sincerely yours,

              s/Amy E. Gigliotti
              Case Manager
              Direct Dial No. 513-564-7012

cc: Mr. Richard W. Nagel

Enclosure

No. 18-3742

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 09, 2018
DEBORAH S. HUNT, Clerk

BRYAN KANU,  )
 )
    Plaintiff-Appellant,  )
 )
v.  )  O R D E R
 )
SIEMENS PLM SOFTWARE, et al.,  )
 )
    Defendants-Appellees.  )
 )
 )

    Bryan Kanu, proceeding pro se, appeals the dismissal of his employment discrimination suit filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and 5. The district court certified that an appeal would not be taken in good faith and denied Kanu permission to proceed in forma pauperis on appeal. *See* 28 U.S.C. § 1915(a)(3). Kanu now requests permission from this court to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(5).

    Kanu filed a motion to proceed in forma pauperis along with a 286-page complaint against Siemens PLM Software, the University of Cincinnati, and Cincinnati Children's Hospital Medical Center. A magistrate judge concluded that Kanu's motion did not support his request for pauper status and that his complaint was "facially deficient" and did "not comply with" Federal Rule of Civil Procedure 8. So, on January 29, 2018, the magistrate judge conditionally granted Kanu's in forma pauperis motion and instructed him to either show cause why his pauper status should not be revoked and denied or "pay the full filing fee of $400.00" by February 5, 2018. The magistrate judge also instructed Kanu to file an "amended complaint in compliance with Rule 8" by February 8, 2018. In a separate report and recommendation, the magistrate judge screened Kanu's complaint under 28 U.S.C. § 1915(e)(2)(B) "[t]o the extent that [Kanu]

has been conditionally granted leave to proceed *in forma pauperis*" and recommended that it "be dismissed *sua sponte* without prejudice to file a timely amended complaint that comports with Rule 8" and that the case be dismissed with prejudice "for failure to comply with the Court's Order" if a timely amended complaint was not filed. Alternatively, assuming that Kanu's in forma pauperis status was revoked, the magistrate judge screened Kanu's complaint under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), and recommended that it be dismissed because its allegations were "so attenuated as to fail to state a claim that can be reasonably deciphered by the court or any defendant."

Kanu filed a response to the show-cause order and an amended complaint. He did not pay the full filing fee. In his amended complaint, Kanu asserted that he is an African American student. Kanu claimed that Siemens did not hire him for an international student employment position because of his race and "nation of origin, which is the United States of America." Kanu claimed that Children's Hospital discriminated against him by initially offering him $11 per hour—$4 per hour less than a fellow undergraduate student—for a student co-op employment position. Kanu explained that the resume he initially submitted to Children's Hospital omitted his bachelor's degree from Xavier University and that, after he submitted an updated resume to Children's Hospital including that degree, he was offered $15.50 per hour. Kanu claimed that the University of Cincinnati denied him admission to its International Co-Op Program because of his race and national origin. He sought monetary and miscellaneous relief.

On review of Kanu's submissions, the magistrate judge filed a supplemental report on February 8, 2018, recommending that Kanu's in forma pauperis status "be revoked based upon a lack of indigency," that he "be required to immediately pay the full $400.00 filing fee for this case," and that his complaint "be dismissed *sua sponte* with prejudice for failure to state any claim under Title VII or other federal law." Kanu still did not pay the full filing fee. Over Kanu's objections, the district court adopted the magistrate judge's supplemental report and recommendation on July 31, 2018, revoked Kanu's in forma pauperis status, and dismissed his

No. 18-3742
- 3 -

amended complaint with prejudice. Kanu filed a timely appeal and a motion to proceed in forma pauperis on appeal. The district court denied Kanu leave to proceed in forma pauperis on appeal.

This court may grant a motion to proceed in forma pauperis if it determines that an appeal would be taken in good faith and the movant is indigent. *See Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006). A frivolous appeal, one that "lacks an arguable basis either in law or in fact," would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

There is no non-frivolous basis on which to appeal the district court's dismissal of Kanu's amended complaint. Once Kanu's conditional in forma pauperis status was revoked, his amended complaint was not subject to screening under § 1915(e)(2), which "applies only to litigants who are proceeding" in forma pauperis. *Apple*, 183 F.3d at 479. Nevertheless, regardless of Kanu's in forma pauperis status, his amended complaint was subject to dismissal under *Apple*. Under *Apple*, a complaint may be dismissed "at any time" when its allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* Kanu's amended complaint met the *Apple* standard for dismissal.

The motion to proceed in forma pauperis is **DENIED** because an appeal in this case would be frivolous. *See Neitzke*, 490 U.S. at 325. Unless Kanu pays the $505 filing fee to the district court within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk