UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BRYAN KANU**

    Plaintiff

-vs-

**SIEMENS PLM, et al.,**

    Defendants

Case No. 1:18-cv-37

J. Black, M.J. Bowman

**PLAINTIFF'S MOTION TO SEAL THE COMPLAINT(S)**

*I. Introduction*

Now comes Plaintiff, Bryan Kanu, who respectfully requests an order from this Court sealing the original and amended complaint(s) in the above-captioned case.

A memorandum in support follows, and a proposed order granting the sealing of specific documents is attached.

*II. Memorandum in support of sealing certain documents*

The complaint in the above-captioned case was dismissed prior to being served on the defendants, and because this Court found Plaintiff's complaint to be insufficient to state any cognizable claim, the sealing of all complaints is appropriate. There is simply no immediate need for the public to have access to any of the dismissed complaints (amended or otherwise) in this case, and sealing the complaints would ensure that the complaints cannot be used to gratify private spite, or promote public scandal ("[I]n the

1

absence of any statute regulating this matter, there can be no doubt as to the power of the court to prevent such improper use of its records[.]" See, e.g. *In Re Caswell*, 18 R.I. 835, 29 A. 259 (1893)). Additionally, because Plaintiff is seeking the sealing of the complaints, as opposed to the entire record, the request to seal does not infringe on the public's right to access; it simply prevents any person from "obtaining copies of [this] public record[] f[or] mere curiosity[,...which] fails to serve any useful purpose in the community, [and] on the other hand directly tends to the demoralization and corruption thereof, by catering to a morbid craving for that which is sensational and impure." *Id* at *836*.

### III. Conclusion

For the foregoing reasons, and because "there is no compelling need for immediate public access to the complaints[,] and, further, [because] the seal is narrowly tailored[,]"[1] the Court should agree that sealing certain documents in the record is not only well within the authority of the Court, but also that it would be appropriate.

Respectfully submitted,

Bryan Kanu
1824 Mears Rd., Apt. 10
Cincinnati, Ohio 45230
bryan.kanu18@gmail.com

---

[1] *Siefert v. Hamilton Cnty. Bd. of Comm'rs*, Case No. 1:17-cv-511 (S.D. Ohio Sep. 15, 2017)



Bryan Low
275 Mountview Ct.
Hamilton, Ohio 45011

U.S. District Court Clerk
100 E. 5th St.
#103
Cincinnati, Ohio 45202